Dear Mr. Ater:
This office is in receipt of your request for an opinion of the attorney General in regard to Act 1142 of 2003 Regular Session insofar as whether it restricts the notarial powers of Deputy Clerks of Court. You indicate it was your understanding that the bill would not affect elected officials such as Clerks of Court and Justices of the Peace.
The preamble to Act No. 1142 of 2003 provides as follows:
 An Act to amend and reenact R.S. 35:12 and 191(C)(2) and to enact R.S. 35:202, 215, 216 and 409, relative to notaries public; to provide for the use of identification numbers on notarized documents; to require the filing of annual reports and filing fees; to provide for late charges and penalties; to provide for uniform standards for notary examinations; to provide for the authority and duties of the secretary of state; to provide for certain fees; to provide for a database of all notaries; to provide for the authority of ex official notaries; and to provide for related matters.
We find Act 1142 in amending R.S. 35:12 provides in Paragraph B that "every document notarized in this state shall bear the notary identification number assigned by the secretary of state, except that if the notary is an attorney licensed to practice law in this state, he may use his Louisiana state bar roll number". Paragraph C, requires, "Every person, other than a regularly commissioned notary public, who is otherwise given notarial powers or authorized as a notary ex officio, shall clearly indicate his actual position or title from which his authority to notarize is derived, inaddition to his notary identification number."
Thereafter, Paragraph D provides on all documents notarized on and after January 1, 2005 that "every clerk of court, and every state office, agency, department, or politcal subdivision shall not accept, file or record any notarized document which fails to contain the notary identification or bar roll number and the typed or printed name of the notary and the witnesses."
We further note that R.S. 35:202 as amended by Act 1142 sets forth in Paragraph D, "All offices, agencies, and departments of the state and political subdivisions with authority to appoint certain persons as ex officio notaries pursuant to the revised statutes and codes of this state shall file an annual report on the form developed and mailed, or provided by electronic means, by the secretary of state pursuant to R.S. 35:216(2)(b), not later than the first day of July of each year."
R.S. 35:215 mandates the secretary of state develop uniform standards for notarial examinations required by R.S. 35:191(C) and what the standards must include; and R.S. 35:216 requires he maintain a database of notaries, develop the annual report form and provide the form to the specified notaries, collect a fee for processing the annual report, and publish a list of fees.
R.S. 35:409 is applicable to persons who are not regularly commissioned notaries but who are otherwise authorized under various statutes and codes to administer oaths or exercise any or all functions of a notary, and authorizes them to perform those functions "only as they are diredtly related to and required for the operation of the office, agency, or department under which the authority is granted."
In your request you have asked whether Act 1142 of 2003 "restricts the Notarial Powers of Deputy Clerks of Court", and we do not find that it "restricts" the powers of the deputy clerks of court, but places certain procedural requirements on all notaries. R.S. 35:409 authorizes "an ex officio notary" to perform those functions as "directly related to and required for the operation of the office" under which the authority is granted.
However, the Act applies to all notaries insofar as R.S. 35:12 provides that "every document notarized in this state shall bear the notary identification number", and that every person who is "given notarial powers or authorized as a notary ex officio, shall indicate his actual position or title from which his authority to notarize is derived, in addition to his notary identification number."
Therefore, in this respect it applies to elected officials who are not regulary commissioned notaries but are authorized to adinister oaths or exercise the function of a notary.
We hope this sufficiently answers your inquiry.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr